UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| PAT GODIN of Trescott, Washington County, Maine, <br><br> Plaintiff, <br><br> vs. <br><br> SCHOOL UNION #134; <br><br> MACHIASPORT SCHOOL DEPARTMENT BOARD OF DIRECTORS; <br><br> JOLEEN NICELY of Machiasport, Washington County, Maine; <br><br> PATTY SCHENCKS of Machiasport, Washington County, Maine; <br><br> and <br><br> DONNA METTA of East Machias, Washington County, Maine, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) **COMPLAINT** <br> ) Civil Docket #:_____ ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

NOW COMES the Plaintiff, PAT GODIN, by and through her attorneys, Sandra Hylander Collier and Catherine L. Haynes, and complains against the above-named Defendants as follows:

## 1. JURISDICTION.

1. Plaintiff alleges violation of her Fourteenth Amendment right to due process pursuant to the Civil Rights Act of 1871, T. 42 U.S.C. §1983, and various state common law causes of action. Jurisdiction is conferred upon the Court pursuant to T. 28 U.S.C. §1343, et seq.

2. There exists a nucleus of operative facts as to Plaintiff's federal and state claims. As a consequence, the Court has jurisdiction over the pendant state claims.

3. A jury trial is NOT demanded.

## II. PARTIES.

4. Pat Godin is an individual residing in Trescott, Washington County, Maine.

5. School Union #134 is an administrative entity formed under Maine state law to govern a certain region of Washington County, including the Town of Machiasport.

6. The Machiasport School Department Board of Directors (hereinafter "Defendant School Board" or "Machiasport School Board") is the governing body for the Fort O'Brien School, which school serves the population of the Town of Machiasport.

7. Joleen Nicely is an individual residing in Machiasport, Washington County, Maine.

8. Patty Schencks is an individual residing in Machiasport, Washington County, Maine.

9. Donna Metta is an individual residing in East Machias, Washington County, Maine.

## III. FACTUAL BACKGROUND.

10. On or about August 22, 2006, Plaintiff was hired by Defendant School Board to become the principal of the Fort O'Brien School commencing August 23, 2006. The principalship position was, at that time, a half-time position.

11. When hired, Defendant School Board emphasized that Plaintiff should exert greater control over the school staff than the Board perceived existed, beginning in the area of supervision.

12. After certain complaints were received regarding Plaintiff's performance as principal in the winter of 2007, Superintendent May Bouchard investigated the complaints and found them baseless, and reported the results of her investigation to Defendant School Board.

13. Defendant School Board was very pleased with Plaintiff's performance during the 2006-2007 academic year, and re-hired Plaintiff for a two year contract for the period 2007-2009. Plaintiff's position was increased to 3/4 time as the principal and 1/4 time as the gifted and talented teacher, based on the needs of the school.

14. Once again, Defendant School Board was very pleased with Plaintiff's performance during the 2007-2008 academic year, and extended Plaintiff's existing contract for another three year period from 2008 to 2011, during which time Plaintiff was to continue to serve 3/4 time as the principal and 1/4 time as the gifted and talented teacher.

15. Shortly before re-hiring Plaintiff, Defendant School Board was presented by Superintendent May Bouchard with preliminary budget figures for the 2008-2009 school year, which projected a budget shortfall of $300,000. Presented with that information at a Machiasport School Board meeting on March 4, 2008, Defendant School Board not only re-hired Plaintiff to a three-year contract, but also voted and approved salary increases for Plaintiff.

16. Beginning on or about March 4, 2008, Defendant School Board began considering "RIFS" ("reductions in force") of school employees. A RIF matrix was prepared by Plaintiff and presented to the Defendant School Board. There was no consideration or discussion of "RIF-ing" the Plaintiff's position, and in fact, Plaintiff was responsible for making recommendations for the positions that would be subject to the RIFs.

17. On information and belief, on or about March 22 and April 5, 2008, private meetings of certain parents and other "concerned citizens" of the Machiasport community were held at the Machiasport Town Office, seeking to attack the Plaintiff's continued employment at the Fort O'Brien School.

18. On information and belief, the Defendants Nicely, Schencks and Metta participated in said meetings and made public false and defamatory statements about the Plaintiff, designed to garner public support for demanding the ouster of the Plaintiff from her position as teaching principal of the Fort O'Brien School.

19. On information and belief, said statements included specific allegations that Plaintiff had physically abused at least two students of the Fort O'Brien School.

20. On April 8, 2008, numerous individuals attended Defendant School Board's second budget workshop meeting demanding to present complaints about the Plaintiff. In a private executive session, participants alleged that Plaintiff had physically abused two students at the Fort O'Brien School. As a result of the allegations, Superintendent May Bouchard immediately placed Plaintiff on administrative leave pending an investigation.

21. On information and belief, at said meeting, Defendant Nicely repeated her false and defamatory statements to the Board.

22. On information and belief, Defendants Schencks and Metta repeated their false and defamatory statements to the crowd waiting outside during the Board's executive session.

23. An investigation was thereafter conducted, and Plaintiff was exonerated of all allegations of abuse.

24. On or about June 6, 2008, after Plaintiff's exoneration, and after public outcry

      against said exoneration, Superintendent May Bouchard, as agent acting on behalf of Defendant School Board, informed Plaintiff by letter that her teaching principal contract was being terminated because Plaintiff was being "RIF-ed" due to budgetary constraints caused by "significant subsidy loss," to be replaced by a "teaching principal," a pretextual basis for eliminating Plaintiff from her position.

25. Plaintiff was not given notice of, nor the opportunity to be heard, regarding her termination by being "RIF-ed."

26. Plaintiff was replaced by another teaching principal on August 12, 2008.

27. On information and belief, Defendants Nicely, Schencks and Metta continue to publish false and defamatory statements about the Plaintiff through letters to the editor submitted under assumed names, and through further publication in the community.

28. As a direct and proximate result of the acts and/or omissions of the Defendants, the Plaintiff has suffered and will continue to suffer:

    A. General compensatory damages in amounts to be determined at trial;
    B. Back pay;
    C. Front pay;
    D. The value of benefits not received;
    E. Punitive damages in an amount to be proven at trial;
    F. Reasonable attorneys' fees and costs;
    G. Interest (pre and post-judgment); and
    H. Such other and further relief as shall appear just and proper in the premises.

### IV. COUNT I - TITLE 42 U.S.C. §1983:
### VIOLATION OF THE FOURTEENTH AMENDMENT
### (vs. School Union #134 and Machiasport School Board)

29. Plaintiff repeats and realleges the allegations stated in paragraphs 1-28, above.

30. Defendant School Union #134 and Defendant School Board violated Plaintiff Pat Godin's due process rights under the United States Constitution and in violation of Title 42 U.S.C. §1983 and case law thereunder.

    WHEREFORE, Plaintiff seeks damages against the above-named Defendants, jointly and severally, as set forth in paragraph 28, above.

### V. COUNT II - BREACH OF CONTRACT
### (vs. School Union #134 and Machiasport School Board)

31. Plaintiff repeats and realleges the allegations stated in paragraphs 1-30, above.

32. Defendant School Union #134 and Defendant School Board breached the contract with Plaintiff Pat Godin.

   WHEREFORE, Plaintiff seeks damages against the above-named Defendants, jointly and severally, as set forth in paragraph 28, above.

## VI.  COUNT III - INTERFERENCE WITH ADVANTAGEOUS CONTRACTUAL RELATIONSHIPS
## (vs. Defendants Joleen Nicely, Patricia Schencks, and Donna Metta)

33. Plaintiff repeats and realleges the allegations stated in paragraphs 1-32, above.

34. Through fraud and intimidation, Defendants Nicely, Schencks and Metta interfered with Plaintiff's advantageous contractual relationship with Defendant School Board.

35. As a result of said Defendants' fraud and intimidation, Defendants created a hostile community attitude towards Plaintiff, which resulted in the Plaintiff becoming a political liability for Defendant School Board.

36. Because of hostile community sentiment created by Defendants Nicely, Schencks and Metta, Defendant School Board wrongfully terminated Plaintiff's contract through a RIF.

37. Plaintiff has been damaged as stated in paragraph 28, above.

   WHEREFORE, Plaintiff seeks damages against the above-named Defendants, jointly and severally, as set forth in paragraph 28, above.

## VII.  COUNT IV - DEFAMATION
## (vs. Defendants Joleen Nicely, Patricia Schencks, and Donna Metta)

38. Plaintiff repeats and realleges the allegations stated in paragraphs 1-37, above.

39. Defendant Donna Metta stated that Plaintiff had abused a male student by throwing him to the ground forcefully on two occasions, and that she had abused a female student by forcefully pushing her outside the school, which statements are false and defamatory.

40. Defendant Metta knew said statements were false at the time she published said statements.

41. Defendant Metta published these statements, on information and belief, at the community meetings on March 22 and April 5, 2008 referred to above; to the community members attending the School Board meeting on April 8, 2008; to Omar Norton in the course of his investigation of the Plaintiff in May, 2008; to

        Jonathan Goodman in the course of his investigation of the Plaintiff in May, 2008; to the male student's parents; and on information and belief at various other times to other members of the community.

42. Said statements are defamatory *per se* due to the nature of the actions Plaintiff was accused to have taken, and Plaintiff has been damaged to her reputation in the community.

43. Defendant Schencks stated that Plaintiff abused a female student by shoving her.

44. Defendant Schencks knew said statement was false at the time she published said statements.

45. Defendant Schencks published these statements, on information and belief, at the community meetings on March 22 and April 5, 2008 referred to above; to the community members attending the School Board meeting on April 8, 2008; to Omar Norton in the course of his investigation of the Plaintiff in May, 2008; to Jonathan Goodman in the course of his investigation of the Plaintiff in May, 2008; and on information and belief at various other time to other members of the community.

46. Said statements are defamatory *per se* due to the nature of the actions Plaintiff was accused to have taken, and Plaintiff has been damaged to her reputation in the community.

47. Defendant Nicely stated that the Plaintiff abused a male student on two occasions in 2007 by, among other things, throwing the student to the floor forcefully and dragging the student around by the wrist; then dragging the student under the arms and throwing the student onto a beanbag.

48. Defendant Nicely knew said statements were false at the time she published said statements.

49. Defendant Nicely published these statements in a letter "To whom it may concern" dated April 7, 2008; to Superintendent May Bouchard and 11 other staff members in early 2007; to Jonathan Goodman in his investigation of the Plaintiff in May, 2008; to Omar Norton in his investigation of the Plaintiff in May, 2008; on information and belief at meetings of community members on March 22 and April 5, 2008; and on information and belief to other members of the community at various times.

50. Said statements are defamatory *per se* due to the nature of the actions Plaintiff was accused to have taken, and Plaintiff has been damaged to her reputation in the community.

51. Plaintiff has been damaged as stated in paragraph 28, above.

WHEREFORE, Plaintiff seeks damages against the above-named Defendants, jointly and severally, as set forth in paragraph 28, above.

### VIII.  COUNT V - PUNITIVE DAMAGES
### (vs. all Defendants)

52. Plaintiff repeats and realleges the allegations stated in paragraphs 1-51, above.

53. The Defendants acted with malice towards the Plaintiff in all of their actions as described above.

WHEREFORE, the Plaintiff demands judgment against the Defendants, jointly and severally, in an amount to be proven at trial, and for such other and further relief as this Honorable Court deems just and proper.


Date:  3/2/2009                    /s/ Sandra Hylander Collier, Bar #1828
                                   **Attorney at Law**
                                   **121 Main Street, PO Box 1391**
                                   **Ellsworth, Maine 04605**
                                   **207/667-6417**
                                   **Sandy@sandycollierlaw.com**


Date:  3/2/2009                    /s/ Catherine L. Haynes, Bar #8423
                                   **Attorney at Law**
                                   **121 Main Street, PO Box 1391**
                                   **Ellsworth, Maine 04605**
                                   **207/667-6417**
                                   **Catherine@sandycollierlaw.com**