UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| PAT GODIN,              )<br>                         )<br>     Plaintiff,        )<br>                         )<br>v.                       )  Civil No. 09-77-B-W<br>                         )<br>SCHOOL UNION 134, et al., )<br>                         )<br>     Defendants         ) | |

### RECOMMENDED DECISION ON SPECIAL MOTION TO DISMISS

Pat Godin has filed a civil complaint against multiple defendants pertaining to her termination of employment as a teaching principal for Fort O'Brien School, a school that serves the population of the Town of Machiasport, Maine. Three defendants – Joleen Nicely, Patty Schencks, and Donna Metta, have brought a "special motion to dismiss" pursuant to 14 M.R.S. § 556, Maine's so-called anti-SLAPP statute. I recommend that the Court deny the special motion to dismiss based on my conclusion that – at least in the context of this particular federal litigation – the State-created special motion to dismiss is procedural in nature and it conflicts with Federal Rules of Civil Procedure 12 and 56.

### DISCUSSION

**A. Complaint Allegations against Nicely, Schencks, and Metta**

Joleen Nicely is an individual residing in Machiasport, Maine. (Compl. ¶ 7.) Patty Schencks is an individual also residing in Machiasport.(Id. ¶ 8.) Donna Metta is an individual residing in East Machias, Maine. (Id. ¶ 9.)

The other allegations of the complaint that pertain to these three defendants are as follows.  In the "Factual Background" section of the complaint Godin alleges:

- 18. On information and belief, the Defendants Nicely, Schencks and Metta participated in said meetings and made public false and defamatory statements about the Plaintiff, designed to garner public support for demanding the ouster of the Plaintiff from her position as teaching principal of the Fort O'Brien School.
- 19. On information and belief, said statements included specific allegations that Plaintiff had physically abused at least two students of the Fort O'Brien School.
- 20. On April 8, 2008, numerous individuals attended Defendant School Board's second budget workshop meeting demanding to present complaints about the Plaintiff. In a private executive session, participants alleged that Plaintiff had physically abused two students at the Fort O'Brien School. As a result of the allegations, Superintendent May Bouchard immediately placed Plaintiff on administrative leave pending an investigation.
- 21. On information and belief, at said meeting, Defendant Nicely repeated her false and defamatory statements to the Board.
- 22. On information and belief, Defendants Schencks and Metta repeated their false and defamatory statements to the crowd waiting outside during the Board's executive session.
- 23. An investigation was thereafter conducted, and Plaintiff was exonerated of all allegations of abuse.
- 24. On or about June 6, 2008, after Plaintiff's exoneration, and after public outcry against said exoneration, Superintendent May Bouchard, as agent acting on behalf of Defendant School Board, informed Plaintiff by letter that her teaching principal contract was being terminated because Plaintiff was being "RIF-ed" due to budgetary constraints caused by "significant subsidy loss," to be replaced by a "teaching principal," a pretextual basis for eliminating Plaintiff from her position.
- 25. Plaintiff was not given notice of, nor the opportunity to be heard….
- 26. Plaintiff was replaced by another teaching principal on August 12, 2008.
- 

(Compl. ¶¶ 18-26.)  Count III of the complaint alleges that these three defendants interfered with Godin's advantageous business relationships. Specifically:

- 34. Through fraud and intimidation, Defendants Nicely, Schencks and Metta interfered with Plaintiff's advantageous contractual relationship with Defendant School Board.
- 35. As a result of said Defendants' fraud and intimidation, Defendants created a hostile community attitude towards Plaintiff, which resulted in the Plaintiff becoming a political liability for Defendant School Board.

- 36. Because of hostile community sentiment created by Defendants Nicely, Schencks and Metta, Defendant School Board wrongfully terminated Plaintiff's contract through a RIF.termination by being "RIF-ed."

(Id. ¶¶ 34-36.)  Count IV is a defamation claim against these three defendants alleging:

- 39. Defendant Donna Metta stated that Plaintiff had abused a male student by throwing him to the ground forcefully on two occasions, and that she had abused a female student by forcefully pushing her outside the school, which statements are false and defamatory.
- 40. Defendant Metta knew said statements were false at the time she published said statements.
- 41. Defendant Metta published these statements, on information and belief, at the community meetings on March 22 and April 5, 2008 referred to above; to the community members attending the School Board meeting on April 8, 2008; to Omar Norton in the course of his investigation of the Plaintiff in May, 2008; to Jonathan Goodman in the course of his investigation of the Plaintiff in May, 2008; to the male student's parents; and on information and belief at various other times to other members of the community.
- 42. Said statements are defamatory *per se* due to the nature of the actions Plaintiff was accused to have taken, and Plaintiff has been damaged to her reputation in the community.
- 43. Defendant Schencks stated that Plaintiff abused a female student by shoving her.
- 44. Defendant Schencks knew said statement was false at the time she published said statements.
- 45. Defendant Schencks published these statements, on information and belief, at the community meetings on March 22 and April 5, 2008 referred to above; to the community members attending the School Board meeting on April 8, 2008; to Omar Norton in the course of his investigation of the Plaintiff in May, 2008; to Jonathan Goodman in the course of his investigation of the Plaintiff in May, 2008; and on information and belief at various other time to other members of the community.
- 46. Said statements are defamatory *per se* due to the nature of the actions Plaintiff was accused to have taken, and Plaintiff has been damaged to her reputation in the community.
- 47. Defendant Nicely stated that the Plaintiff abused a male student on two occasions in 2007 by, among other things, throwing the student to the floor forcefully and dragging the student around by the wrist; then dragging the student under the arms and throwing the student onto a beanbag.
- 48. Defendant Nicely knew said statements were false at the time she published said statements.
- 49. Defendant Nicely published these statements in a letter "To whom it may concern" dated April 7, 2008; to Superintendent May Bouchard and 11 other staff members in early 2007; to Jonathan Goodman in his investigation of the

> Plaintiff in May, 2008; to Omar Norton in his investigation of the Plaintiff in May, 2008; on information and belief at meetings of community members on March 22 and April 5, 2008; and on information and belief to other members of the community at various times.
> - 50. Said statements are defamatory *per se* due to the nature of the actions Plaintiff was accused to have taken, and Plaintiff has been damaged to her reputation in the community.

(Id. ¶¶ 39-50.) And the final count of the complaint is a claim to the entitlement to punitive damages that pertains to all defendants. (Id. ¶¶ 52-53.)

### B. Maine's Anti-SLAPP Statute

Maine's anti-SLAPP statute was enacted in 1995 and reads as applicable to this motion:

> When a moving party asserts that the civil claims, counterclaims or cross claims against the moving party are based on the moving party's exercise of the moving party's right of petition under the Constitution of the United States or the Constitution of Maine, the moving party may bring a special motion to dismiss. The court shall advance the special motion so that it may be heard and determined with as little delay as possible. The court shall grant the special motion, unless the party against whom the special motion is made shows that the moving party's exercise of its right of petition was devoid of any reasonable factual support or any arguable basis in law and that the moving party's acts caused actual injury to the responding party. In making its determination, the court shall consider the pleading and supporting and opposing affidavits stating the facts upon which the liability or defense is based.

14 M.R.S. 556.[1] Thus: "Dismissal is mandated unless the plaintiff shows that she suffered actual injury and that the defendant acted without any reasonable factual support or arguable basis in law." Schelling v. Lindell, 2008 ME 59, ¶ 16, 942 A.2d 1226, 1231.

---

1         The statute further provides:
> As used in this section, "a party's exercise of its right of petition" means any written or oral statement made before or submitted to a legislative, executive or judicial body, or any other governmental proceeding; any written or oral statement made in connection with an issue under consideration or review by a legislative, executive or judicial body, or any other governmental proceeding; any statement reasonably likely to encourage consideration or review of an issue by a legislative, executive or judicial body, or any other governmental proceeding; any statement reasonably likely to enlist public participation in an effort to effect such consideration; or any other statement falling within constitutional protection of the right to petition government.

Id. Godin concedes, for purposes of this motion, that given the interpretation of this provision by the Maine Law Court the three moving defendants' speech qualifies as petitioning activity under this provision. (See Obj. Special Mot. Dismiss at 4-5.)

The parties dispute whether this statute is procedural or substantive in nature for purposes of determining whether it is applicable to the supplemental state law claims against these three defendants in an action brought on the basis of federal subject matter jurisdiction. See Hanna v. Plumer, 380 U.S. 460, 465 (1965). The defendants insist that 14 M.R.S. § 556 "substantively rewrites the common law to provide an immunity from protracted litigation." (Reply Mem. at 3.)

There is no dispute that Maine's anti-SLAPP statute is virtually identical to Massachusetts's anti-SLAPP statute, see Morse Bros., Inc. v. Webster, 2001 ME 70, ¶ 15, 722 A.2d 842, 848,[2] and the district courts in Massachusetts are in consensus that the latter is procedural and that special motions to dismiss are not permissible in federal litigation. See Stuborn Ltd. P'ship v. Bernstein, 245 F.Supp.2d 312, 315 -316 (D. Mass. 2003) (Lakser, Dist. J.) (diversity jurisdiction) (denying motion outright, concluding: "In light of the competing procedures, I am persuaded that the anti-SLAPP statute's special motion provision is predominantly procedural in nature, and that it directly conflicts with the Federal Rules of Procedure."); Lynch v. Hayes Civ. No. 07-10138-GAO, 2008 WL 2682692, 1 (D. Mass. June 30, 2008) (O'Toole, Dist. J.)(unpublished) (supplemental claims) (denying motion outright, having concluded that the anti-SLAPP is procedural and conflicts with Federal Rules of Civil Procedure 12 and 56); South Middlesex Opportunity Council, Inc. v. Town of Framingham, Civil Action No. 07-12018-DPW, 2008 W L 4595369, 9 -11 (D.Mass. Sept. 30, 2008) (Woodlock, Dist. J.) (unpublished) ("Because [the anti-Slapp statute] relates to procedure, it is inapplicable in this case, where procedure is governed solely by the Federal Rules."). In Baker v. Coxe, the District Court approached the special motion to dismiss request as follows:

> To the extent that the anti-SLAPP statute imposes additional procedures in certain kinds of litigation in state court, it does not trump Fed.R.Civ.P. 12(b)(6).

---

2   (See Defs.' Special Mot. Dismiss at 17)

> 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1343 (1990) ("State rules of practice do not control any of the purely procedural questions that arise under Rule 12."). Accordingly, this Court will examine the allegations of the complaint under the well-worn standards governing Fed.R.Civ.P. 12(b)(6) motions, not the hybrid statutory procedure in section 59H which is more akin to a summary judgment motion.

940 F.Supp. 409, 417 (D. Mass. 1996) (Saris, Dist. J.)[3]

The Ninth Circuit, see U.S. ex rel. Newsham v. Lockheed Missiles & Space Co., Inc., 190 F.3d 963, 972 -73 (9th Cir. 1999); see also Thomas v. Fry's Elecs., Inc., 400 F.3d 1206, 1206 -07 (9th Cir. 2005) (concluding that Swierkiewicz v. Sorema, 534 U.S. 506 (2002) does not undermine Lockheed), and the Fifth Circuit, Henry v. Lake Charles American Press, L.L.C., 566 F.3d 164, 168-69 (5th Cir. 2009) have reached opposite conclusions with respect to anti-SLAPP statutes in other states, as has the District Court in Vermont, see Bible & Gospel Trust v. Twinam, No. 2:07-CV-17, 2008 WL 5216845, 2 (D.Vt. July 18, 2008) (recommended decision), reversed on other rounds, 2008 WL 5245644, 1 (D.Vt. Dec. 12, 2008). The defendants also cite Containment Technologies Group, Inc. v. American Soc. of Health System Pharmacists, No. 1:07-cv-0997-DFH-TAB, 2009 WL 838549, 8 (S.D.Ind. Mar. 26, 2009) which concluded that Indiana's anti-SLAPP law is substantive and governs in diversity cases. (See Mot. Stay at 6 & n.3.)

"Respectable arguments can be made either that the Anti-SLAPP statute is substantive or that it is procedural." Stuborn Ltd. P'ship, 245 F.Supp.2d at 315. Nicely, Schencks, and Metta are not state actors and, thus, their call for an entitlement to the protections of the anti-SLAPP statute is compelling. Compare Baker, 940 F.Supp. at 417. Had Godin brought these state law

---

[3] The District Court rejected the argument of the moving defendants that they were entitled to dismissal under the Massachusetts anti-SLAPP provision, emphasizing that these were state defendants as opposed to individual defendants. Id. at 417. The First Circuit addressed this case and a subsequent order on summary judgment and affirmed without discussion of this aspect of the District Court's disposition with respect to the special motion. See Baker v. Coxe, 230 F.3d 470 (1st Cir. 2000).

claims against the defendants in state court there is no doubt that the state court would have considered their special motion to dismiss on the merits using the standard set forth in the anti-SLAPP statute.[4] On the other hand, the claims targeting the defendants' 'petitioning activities' are very much interwoven with Godin's federal constitutional claims and her theory that she was terminated from her position by the state actors in large part because of the efforts of these three individuals. This is an action in which the counts and defendants pressing for an anti-SLAPP dismissal are factually interlinked with the federal civil rights claims that are the basis for federal jurisdiction -- so factually interlinked that even if these three defendants prevailed in this motion to dismiss they would be embroiled in discovery as third parties vis-à-vis the federal claims. The key Maine Supreme Court cases addressing special motions to dismiss are cases that presented straight forward suits that fall squarely within the purposes of the law and the special motions to dismiss had the prospect of resolving the entire dispute. See Schelling, 2008 ME 59, ¶ 27, 942 A.2d at 1233-34; Maietta Contr. Inc. v. Wainwright, 2004 ME 53, ¶ 7, 847 A.2d 1169, 1173; Morse Bros. Inc., 2001 ME 80, ¶ 32, 772 A.2d at 852. I recognize that the above observations may well have little ultimate relevance to the Hanna v. Plumer analysis, but they do put into the proper context the reason the claims are in this court and why I am reluctant to say that a state statute with such a draconian burden-shifting procedure should trump the Federal Rules of Civil Procedure.

Following the consensus of the Massachusetts District Court judges apropos the Massachusetts anti-SLAPP statute, I conclude that the manner that the Maine anti-SLAPP statute contemplates these special motions being presented with competing declarations and a shifting

---

[4] Which is not to say that it is evident from the declarations submitted and the arguments made here how a state court would rule on the motion. Contrary to defendants' arguments, this case is decidedly not a case about protection of the rights of mandated reporters of child abuse. The allegations of the complaint have nothing to do with any report made to the Department of Human Services.

burden conflicts with the Federal Rules of Civil Procedure governing motions to dismiss and motions for summary judgment.

In the run-of-the-mill Federal Rule of Civil Procedure 12 context parties cannot rely on materials outside the pleadings without the motion being converted to a motion for summary judgment and the provision of notice and opportunity to the parties to present the Court with an adequate record in the proper form. See Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."). As Rule 12(d) makes clear, Federal Rule of Civil Procedure 56 by design assures that the parties and Court have a fair and predictable way of going beyond the complaint and addressing these factual disputes about the merits of a claim. It is hard to reconcile the Maine anti-SLAPP motion to dismiss process with this Federal Rule paradigm. Indeed, the Maine Law Court has stated: "Unlike a garden variety motion to dismiss, M.R. Civ. P. 12(b)(6), or a motion for summary judgment, M.R. Civ. P. 56(c), this motion is a statutory creature designed to protect certain defendants from meritless litigation." Morse Bros., Inc., 2001 ME 70, ¶ 15, 772 A.2d at 848. The Maine statute requires the court to freeform read and weigh the conflicting declarations, something a federal court would not do in the context of ruling on a motion to dismiss a state law interference with advantageous relations or defamation claim. See Gonzalez-Figueroa v. J.C. Penney Puerto Rico, Inc., __ F.3d __, __, 2009 WL 1623450, 1 (1st Cir. June 11, 2009) ("[U]nder Federal Rule of Civil Procedure 12(b)(6), we recount the facts alleged in the amended complaint and draw all plausible inferences in favor of the [plaintiff/]appellant."). It also unquestionably shifts the burden from the defendant to the plaintiff, see Schelling, 2008 ME 59,

¶ 7, 942 A.2d at 1229; Maietta Constr. Inc., 2001 ME 1169, ¶ 8, 847 A.2d at 1173; Morse Bros., Inc., 2001 ME 70, ¶ 18; 772 A.2d at 849, on an underlying claim that in federal court would not countenance such a shift, see South Middlesex Opportunity Council, Inc., 2008 WL 4595369 at 10-11 ("This process incorporates additional fact-finding beyond the facts alleged in the pleadings, which is fundamentally different from a Rule 12 motion. The Massachusetts anti-SLAPP statute's burden-shifting scheme functions somewhat like a Rule 56 summary judgment motion. But under Rule 56, I view the record in the light most favorable to the non-moving party and grant all reasonable inferences in favor of the non-moving party.") (citations and footnote omitted). [5]  Based on these considerations, I conclude that the defendants' special motion to dismiss should be denied.[6]

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within ten (10) days of being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within ten (10) days after the filing of the objection.

---

[5] And as the First Circuit insisted in Mariani-Colon v. Department of Homeland Sec. ex rel. Chertoff, with regards to a similar local rule similar to the District of Maine's Local Rule 56(c), a local rule that,
> requires "a party opposing a motion for summary judgment to accept, deny, or qualify each entry in the movant's statement of material facts paragraph by paragraph and to support any denials, qualifications, or new assertions by particularized citations to the record." Cabán Hernández v. Philip Morris USA, Inc., 486 F.3d 1, 6-7 (1st Cir.2007). If the party opposing summary judgment fails to comply with Local Rule 56(c), "the rule permits the district court to treat the moving party's statement of facts as uncontested." Alsina-Ortiz v. Laboy, 400 F.3d 77, 80 (1st Cir.2005).
> The purpose of this "anti-ferret rule" is to require the parties to focus the district court's attention on what is, and what is not, genuinely controverted. Id.; see also Cabán Hernández, 486 F.3d at 7. Otherwise, the parties would improperly shift the burden of organizing the evidence presented in a given case to the district court. See Cabán Hernández, 486 F.3d at 8; Alsina-Ortiz, 400 F.3d at 80. Given Local Rule 56(c)'s important purpose, this Court has repeatedly upheld its enforcement, stating that litigants ignore it "at their peril." Cabán Hernández, 486 F.3d at 7; see also Torres-Rosado v. Rotger-Sabat, 335 F.3d 1, 4 (1st Cir.2003).

511 F.3d 216, 219 (1st Cir. 2007).

[6] If I were to adopt Judge Saris's Baker v. Coxe approach, I would by-pass the special motion to dismiss and looking solely at the complaint allegations, I would deny the motion to dismiss.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

June 16, 2009