UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| PAT GODIN, | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| v. | )   1:09-cv-00077-JAW |
| | ) |
| SCHOOL UNION 134, et al., | ) |
| | ) |
|     Defendants | ) |

REPORT OF TELEPHONE CONFERENCE
AND ORDER

I held a telephone conference at Bangor, Maine, on Friday, January 21, 2011, commencing at 9:30 a.m. and concluding at 10:10 a.m., with the following counsel participating:

Sandra Hylander Collier, Esq. for Plaintiff

Melissa A. Hewey, Esq. for Defendant Machiasport

John B. Lucy, Esq. for Joleen Nicely

Eben Albert-Knopp, Esq., David A. Strock, Esq. and John M.R. Paterson, Esq. for Defendants Schencks and Metta

I scheduled this conference with counsel to discuss the posture of this case now that the First Circuit Court of Appeals has rendered its Judgment on the Interlocutory Appeal and remanded this matter back for further proceedings.

Plaintiff would like to conduct limited discovery by conducting the depositions of the three individual defendants, of Superintendent Bouchard and Jonathan Goodman, independent investigator. The three individual defendants feel that the Motion to Dismiss has been fully briefed and should go to the court for resolution. Counsel for Defendant Machiasport has no position regarding the procedural posture of the motion to dismiss.

After hearing arguments, I concluded that pursuant to 14 M.R.S.A. § 556 the plaintiff failed to show "good cause" for the specified discovery to be conducted. The statute contemplates that a defendant will not be required to submit to extensive merits discovery before the court issues a decision on the "special motion to dismiss." Plaintiff chose to respond to the special motion with legal arguments and the submission of a factual record when she filed her responses on May 20, 2009 (Doc. No. 46) and May 28, 2009, (Doc. No. 48). At no time did Godin suggest that specified discovery was necessary in order for this court to resolve the motion. The discovery that she now "specifies" is really merits discovery on the underlying complaint that would assist the court to make a credibility determination, in her view, but the fact is that it is not the sort of "good cause" discovery contemplated by the statute. Every plaintiff confronted with a special motion to dismiss would like the opportunity to conduct full blown merits discovery to explore credibility issues before the trial court decided the special motion to dismiss. The statute does not envision that sort of procedure. My conclusion is that Doc. No. 34, the special motion to dismiss, is now in order for oral argument and decision on the merits. After hearing, I now deny plaintiff's oral request to conduct limited discovery as no good cause has been shown to me today during this conference. The factual basis of the claim is well developed and the opposing positions of the parties have been fully briefed with affidavits submitted in support of their positions. The question is whether the defendants' special motion to dismiss should be granted or denied on these facts.

## CERTIFICATE

This report fairly reflects the actions taken at the hearing and shall be filed forthwith. Any objections to this report shall be filed in accordance with Fed.R.Civ.P. 72.

*So Ordered.*
January 21, 2011                    /s/ Margaret J. Kravchuk
                                    U.S. Magistrate Judge